IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 21-11-RGA |
| | : | |
| Khalil Rodriguez-Fitzgerald, | : | |
| | : | |
| Defendant. | : | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

Khalil Rodriguez-Fitzgerald has tendered a guilty plea to one count in the Indictment, which stems from the possession of a firearm by Mr. Rodriguez-Fitzgerald following his conviction for an offense punishable by more than one year in prison. Khalil has accepted responsibility for his actions.

It is respectfully suggested that a sentence of twenty-four (24) months, thirty-six (36) months of supervised release, with the first four (4) months to be served at the Residential Re-entry Center ("RRC"), and a $100 special assessment fee serves the interests of justice and is sufficient, but not greater than necessary, to satisfy the purposes of sentencing as set forth at 18 U.S.C. § 3553(a). This suggested sentence takes into account Khalil's history and characteristics and the nature and circumstances of his criminal conduct.

I. <u>PERSONAL BACKGROUND</u>

Khalil was raised in a one parent household. His father has never been a meaningful part of his life and his mother was alone to raise Khalil and four siblings. The family was of limited means and moved often. When Khalil was thirteen (13) his mother was incarcerated for a drug offense. In the same year as his mother's detention, Khalil's only male role

model, his uncle, was incarcerated on federal drug and money laundering charges. His uncle was ultimately sentenced to serve more than a decade in prison. His uncle remained incarcerated at the time of Khalil's arrest in this case. **Pre-sentence Report ("PSR") ¶ 90-92**.

After the incarceration of his two main role models Khalil struggled. In addition to the challenges he faced at home, Khalil was struggling in school due to his stutter and inability to keep up academically. It was during this vulnerable time in his life that he was recruited into the negative feedback circle of street culture. He felt accepted and began to sell drugs. He spent increasing time on the streets and his life lacked any structure. By age nineteen (19) he was incarcerated. **PSR ¶ 95, 96, 58**.

Since his release from custody Khalil has been homeless. He has floated from place to place and failed to gain meaningful employment. The continued lack of structure in his life, coupled with a limited education, a history of ADHD, a record of academic underachievement, and no marketable skills have made him further susceptible to the allures and promises of a street culture that would be seen by a more sophisticated person as an obvious trap.

II. <u>GUIDELINES</u>

Khalil does not challenge the guideline calculation submitted by the United States Probation Office, which sets his criminal history category at III and the total offense level at fifteen (15). Accordingly, the advisory guideline range is twenty-four to thirty (24-30) months. **PSR ¶ 15, 61, 115.**

2

III. <u>3553(a) SENTENCING FACTORS</u>

The history and characteristics of Khalil and the nature and circumstances of this offense make it clear that what is necessary to put this young man's life on track is job training and structure. He has never had a positive male role model. His female role model has asserted that she will be there for him and assist him in what ways she can, but has thus far been unable to pull him away from the street culture that at times permeated her own life. Warehousing him for a period of months or years, in excess of the advisory range, is unlikely to have any positive impact and will more likely simply continue to expose him to the negative influence of other inmates who might seek to take advance of his obvious limitations. That would neither be good for society nor in the best interest of improving Khalil's own chances of a productive, crime-free future.

The most effective way for this court to provide Khalil with what he needs is through a guideline sentence and a period of close supervision, with the first four months at the RRC, so that he can obtain the job training and structure that he needs to make a change in his life. Any sentence longer than the guideline range would serve only to treat him differently than other men who have committed similar offenses. While retribution can be said to be a factor in determining sentence, it should not be a prevailing factor here. Khalil is twenty-seven (27) years old. He will be released from custody with a long life ahead of him. What is needed is a plan to give him the skills and structure he needs to change the direction of his life before he becomes too old to do so. The United States Probation Office, in conjunction with RRC staff, are best positioned to help him do just that.

IV. CONCLUSION

For the foregoing reasons it is respectfully requested that this Court impose a guideline sentence of twenty-four (24) months incarceration, with a thirty-six (36) month period of supervised release, including four (4) months at the RRC, and further conditions of release to be fashioned by the Court at the time of sentencing.

        Respectfully submitted,

        ELENI KOUSOULIS, ESQ.
        Federal Public Defender

Dated: August 31, 2022    By:    /s/ *Conor Wilson*
        CONOR WILSON, ESQ.
        Assistant Federal Public Defender
        800 King Street, Suite 200
        Wilmington, DE 19801
        (302) 573-6010
        de_ecf@fd.org

        Attorneys for Khalil Rodriguez-Fitzgerald